Joel E. Elkins (SBN 256020)
Email: jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PARSHALL, On Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>OCB BANCORP, DONALD G. SCANLIN, JOHN W. RUSSELL, DAVID BRUBAKER, GEORGE R. MELTON, MARTIN POPS, DIETRICH SCHMIDT, WILLIAM B. SECHREST, ESTHER WACHTELL, LAWRENCE E. WILDE III, and SIERRA BANCORP,<br><br>                    Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

## SUMMARY OF THE ACTION

1.     This is a class action brought on behalf of the public stockholders of OCB Bancorp ("OCB" or the "Company") against OCB and its Board of Directors (the "Board" or the "Individual Defendants"), to enjoin a proposed transaction

announced on April 24, 2017 (the "Proposed Transaction"), pursuant to which OCB will be acquired by Sierra Bancorp ("Sierra").

2. On April 24, 2017, the Board caused OCB to enter into an agreement and plan of merger with Sierra (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, stockholders of OCB will receive a number of shares of the common stock of Sierra equal to $14.00 per OCB common share, subject to certain adjustments.

3. On June 14, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of OCB common stock.

9. Defendant OCB is a California corporation and maintains its principal executive offices at 402 W. Ojai Avenue, Ojai, California 93023. The Company is the bank holding company for Ojai Community Bank. OCB's common stock is traded OTC under the ticker symbol "OJCB."

10. Defendant Donald G. Scanlin ("Scanlin") is a director of OCB.

11. Defendant John W. Russell ("Russell") is a director of OCB.

12. Defendant David Brubaker ("Brubaker") is a director, President, and Chief Executive Officer ("CEO") of OCB.

13. Defendant George R. Melton ("Melton") is a director and Chairman of the Board of OCB.

14. Defendant Martin Pops ("Pops") is a director of OCB.

15. Defendant Dietrich Schmidt ("Schmidt") is a director of OCB.

16. Defendant William B. Sechrest ("Sechrest") is a director and Vice Chairman of the Board of OCB.

17. Defendant Esther Wachtell ("Wachtell") is a director of OCB.

18. Defendant Lawrence E. Wilde III ("Wilde") is a director of OCB.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Sierra is a California corporation with its principal executive offices located at 86 North Main Street, Porterville, California 93257.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of OCB (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

or affiliated with any defendant.

22.    This action is properly maintainable as a class action.

23.    The Class is so numerous that joinder of all members is impracticable. As of April 24, 2017, there were approximately 2,238,630 shares of OCB common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.    Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## SUBSTANTIVE ALLEGATIONS

**A.    Background of the Company and the Proposed Transaction**

28.    OCB is a locally owned and operated holding company that was formed in September 2013 as the parent company of Ojai Community Bank and its divisions, Santa Barbara Community Bank, Ventura Community Bank, and Santa Paula Community Bank.  The family of banks offers a full array of banking products and services to businesses, professionals, individuals, and commercial property owners.

29.    On February 2, 2017, OCB issued a press release wherein it reported its results for the fourth quarter ended December 31, 2016.  According to the press release, the Company reported "strong performance for the fourth quarter," including net income was $1.282 million in 2016, an increase of $361,000 or 39% over 2015 results.  Return on equity increased to 8.06% in 2016.  Through its subsidiary, Ojai Community Bank, total loans finished the year at $209 million, an increase of $33 million, or 18.5% from the year prior.  Earnings per share were $0.59 resulting in an increased book value of $7.58.  With respect to the results, Individual Defendant Brubaker commented:  "As the only community bank headquartered in Ventura County, we are in a prime position to provide customers with the kind of local service community banking can offer and for this and many other reasons, we experience very positive continued growth."

30.    Nevertheless, the Board caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired for inadequate consideration.

31.    To the detriment of the Company's stockholders, the terms of the Merger Agreement substantially favor Sierra and are calculated to unreasonably dissuade potential suitors from making competing offers.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

32.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

33.     Further, the Company must promptly advise Sierra of any proposals or inquiries received from other parties.

34.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Sierra a "matching right" with respect to any "Superior Proposal" made to the Company.

35.     Further locking up control of the Company in favor of Sierra, the Merger Agreement provides for a "termination fee" of $1.5 million payable by the Company to Sierra if the Individual Defendants cause the Company to terminate the Merger Agreement.  The Company may also be required to reimburse Sierra's out-of-pocket expenses.

36.     By agreeing to the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

37.     The merger consideration is inadequate because, among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

38.     The merger consideration also fails to adequately compensate the Company's stockholders for the significant synergies that will result from the merger.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

39.    Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

**_The Registration Statement Omits Material Information, Rendering It False and Misleading_**

40.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

41.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

42.    First, the Registration Statement omits material information regarding the Company's financial projections, Sierra's financial projections, and the analyses performed by the Company's financial advisor, FIG Partners, LLC ("FIG Partners").

43.    The Registration Statement fails to disclose OCB's financial projections for years 2017 through 2021.

44.    The Registration Statement fails to disclose Sierra's financial projections for years 2017 through 2021.

45.    With respect to FIG Partners' _Discounted Cash Flow Analysis_, the Registration Statement fails to disclose:  (i) OCB's estimated future earnings stream and cash flow for 2017 through 2021; (ii) the inputs and assumptions underlying the range of discount rates of 14.0%, 15.0%, and 16.0%; (iii) the terminal value of OCB's earnings stream beyond 2016; (iv) OCB's estimated earnings; and (v) OCB's estimated tangible book value.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

46. With respect to FIG Partners' *Comparable Transaction Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by FIG Partners in the analysis.

47. With respect to FIG Partners' *Pro Forma Merger Analysis*, the Registration Statement fails to disclose: (i) the purchase accounting adjustments to OCB's and Sierra's financial projections for years 2017 through 2021 consisting of a credit mark on loans and a core deposit intangible; (ii) the estimated annual cost savings; (iii) the estimated, pre-tax, one-time transaction costs; (iv) the annual pre-tax opportunity cost of cash; (v) OCB's estimated earnings per share; and (vi) OCB's estimated tangible book value per share.

48. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

49. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "OCB Bancorp's Reasons for the Merger; Recommendation of OCB's Board of Directors"; and (iii) "Opinion of OCB Bancorp's Financial Advisor."

50. Second, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

51. Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and/or directorship

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

of OCB's officers and directors, including who participated in all such communications.

52.    Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

53.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "OCB Bancorp's Reasons for the Merger; Recommendation of OCB's Board of Directors"; and (iii) "Interests of Directors and Officers in the Merger."

54.    Third, the Registration Statement omits material information regarding potential conflicts of interest of FIG Partners.

55.    For example, the Registration Statement fails to disclose the percentage of FIG Partners' fee that is contingent upon consummation of the Proposed Transaction.

56.    Additionally, the Registration Statement fails to disclose whether FIG Partners has provided past services to Sierra or its affiliates, as well as the amount of compensation received for such services.

57.    Moreover, while Appendix C to the Registration Statement provides that FIG Partners advised OCB on its capital raise in 2015, the Registration Statement fails to disclose the amount of compensation received by FIG Partners for such service, as well as whether FIG Partners has performed another other past services for OCB or its affiliates and the amount of compensation received for such services.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

58.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

59.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Background of the Merger"; (ii) "OCB Bancorp's Reasons for the Merger; Recommendation of OCB's Board of Directors"; and (iii) "Opinion of OCB Bancorp's Financial Advisor."

60.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to OCB's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and OCB

61.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  OCB is liable as the issuer of these statements.

63.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

64.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

65.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

66.    The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

67.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

68.    Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Sierra**

69.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70.    The Individual Defendants and Sierra acted as controlling persons of OCB within the meaning of Section 20(a) of the 1934 Act as alleged herein.   By virtue of their positions as officers and/or directors of OCB and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

71.    Each of the Individual Defendants and Sierra was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Registration Statement.

73.    Sierra also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

74.    By virtue of the foregoing, the Individual Defendants and Sierra violated Section 20(a) of the 1934 Act.

75.    As set forth above, the Individual Defendants and Sierra had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 5, 2017                    **WEISSLAW LLP**


By: _____
Joel E. Elkins (SBN 256020)
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348
Email: jelkins@weisslawllp.com

*Attorneys for Plaintiff*

//

13

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310
Facsimile: (302) 654-7530

**RM LAW, P.C.**
1055 Westlakes Dr., Suite 300
Berwyn, PA 19312
(484) 324-6800

14

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934